JS-6

NOTE: CHANGES MADE BY THE COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> USA STAR HEALTHCARE GROUP – EAST LOS ANGELES, INC. dba ELASTAR COMMUNITY HOSPITAL, ANDREA KOFL, RICHARD YARDLEY and the ELASTAR COMMUNITY HOSPITAL RETIREMENT SAVINGS PLAN, <br><br> Defendants. | Case No. SA CV11-307 JST (JEMx) <br><br> **CONSENT JUDGMENT** |

Based on the stipulations agreed to by and between Plaintiff HILDA L. SOLIS, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants USA STAR HEALTHCARE GROUP – EAST LOS ANGELES, INC. dba ELASTAR COMMUNITY HOSPITAL ("Company"), ANDREA KOFL ("Kofl"), and RICHARD YARDLEY ("Yardley"), which are more fully set forth in the document titled "Consent Judgment and Order" filed previously in this

matter, which the Court deems to be a stipulation for the entry of a consent judgment, and which is incorporated herein by reference,

IT IS HEREBY **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. Judgment is hereby entered against Defendants Company, Kofl, and Yardley in the amount of $600,692.32.

2. Pursuant to ERISA § 409, 29 U.S.C. § 1109, Defendants Company, Kofl and Yardley are jointly and severally liable and responsible for restoring $412,886.63 in unremitted employee contributions and unremitted participant loan repayments plus lost-opportunity costs calculated through May 6, 2011 in the amount of $187,805.69, for a total of $600,692.32 ("Amount Due") to the Plan.

3. Defendants Company, Kofl and Yardley are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

4. Defendants Kofl and Yardley are permanently enjoined and restrained from serving as fiduciaries of or service providers to, any ERISA-covered plan.

5. Upon the appointment of the Independent Fiduciary named in Paragraph 6, *infra*, Defendant Company shall be removed as the named fiduciary and administrator of the Plan.

6. **Fiduciary Experts** LLC, 5816 Vista San Guadalupe, San Diego, CA 92154, shall be, and hereby is, appointed Independent Fiduciary of the Plan who:

    a. Will be responsible for collecting, marshalling, paying out, and administering Plan assets, calculating the participants' and beneficiaries' account balances, acting in accordance with and carrying out the duties outlined in Paragraph 8 below, and taking further action with respect to the Plan as appropriate, and, if necessary, terminating the Plan when all of its assets are distributed to all eligible participants and beneficiaries;

    b. Pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2004-02, must exercise

reasonable care and diligence to identify and locate each Plan participant and beneficiary who is eligible to receive a distribution under the terms of the Plan to the extent the Plan has distributable assets and shall distribute such assets at a frequency that he/she determines is appropriate;

  c. Has all the rights, duties, discretion and responsibilities of a trustee, fiduciary and Plan Administrator under ERISA, including filing a final Form 5500;

  d. Has the authority to delegate or assign fiduciary duties as appropriate and allowed under the law and may retain assistance as needed, including attorneys, accountants, actuaries, and other service providers;

  e. Shall have full access to all data, information and calculations in the Plan's possession and under its control, including information and records maintained by the Plan's custodial trustee or service provider;

  f. Shall have the authority to give instructions respecting the disposition of assets of the Plan;

  g. Shall comply with all applicable rules and laws;

  h. Shall be entitled to reasonable compensation, fees and expenses, paid by Defendants Kofl and Yardley consistent with Paragraph 8(e), *infra*.

7. Defendants shall cooperate fully with the Independent Fiduciary herein appointed by the Court in providing documents or information they may have relevant to the Plan's administration and management.

8. Defendants Kofl and Yardley shall restore the Amount Due to the Plan, plus post-judgment interest assessed at 4 percent ("Interest"), the rate set forth in 26 U.S.C. § 6621, as of the date of entry of this Consent Judgment, in payment installments as set forth in this Paragraph until the Amount Due plus the applicable Interest is paid in full, provided that all payment installments are made as set forth herein:

   a. Except as provided in Paragraph 8(c), on the first day of the month following the entry of this Consent Judgment, Defendants Kofl and Yardley shall remit monthly payments as hereinafter defined in paragraph 8(b) hereof to the Plan, through the Independent Fiduciary identified at Paragraph 6, *infra* until the Amount Due plus Interest is paid in full.

   b. Monthly Payments shall be defined as the greater of: (1) a fixed amount of $500 to be paid by Yardley and $1,500 to be paid by Kofl, less any applicable life insurance premiums as provided for in Paragraph 8(h), or (2) a variable amount, calculated separately as to Yardley and Kofl, equal to the Plan's "Pro Rata Share" of each of their "Disposable Income," less any applicable life insurance premiums as provided for in Paragraph 8(h). The "Disposable Income" shall be calculated by Kofl and Yardley by completing Official Bankruptcy Form 22C (Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income), a blank copy of which is attached as Exhibit "A," to determine their expected monthly "Disposable Income," as defined in Section 1325(b)(2) of the Bankruptcy Code, 11 U.S.C. § 1325(b)(2) as in effect on the date of this Order, except that the cost of the life insurance policies, if any, as provided in Paragraph 8(h) shall not be deducted as an expense on such form. The Plan's "Pro Rata Share" shall be calculated by dividing the remaining Amount Due by the sum of: (1) the remaining amount of debt that Kofl and Yardley are required to pay under the Settlement Agreement entered into by Kofl, Yardley and Belvedere HealthPartners, LLC, with United Western Medical Centers on June 5, 2007; (2) the remaining amount of any debts owed by Kofl and/or Yardley to the Internal Revenue Service prior to the date of the filing of the Complaint in this matter and for which the Internal Revenue Service has commenced collection proceedings against Kofl and/or Yardley; and (3) the net remaining Amount Due.

   c. Based on the formula referenced in Paragraphs 8(a) and 8(b), *supra,* the initial monthly payments for the time period September 1, 2011 through

and including September 30, 2011, shall be made of $500 by Yardley and $2,872.80 by Kofl on or before September 30, 2011.

    d.    By November 30, 2011, and every three months thereafter on or before the fifteenth day of the month, Defendants Kofl and Yardley shall each prepare and forward to the Independent Fiduciary a report on Form 22C to determine their expected monthly "Disposable Income," as defined in Section 1325(b)(2) of the Bankruptcy Code, 11 U.S.C. § 1325(b)(2), during the preceding three-month period, as well as a list of their existing creditors and the principal amounts of their debts to listed creditors and the percentage of their total debt that each debt represents.  Defendants Kofl and Yardley agree to fully and accurately disclose all information, including income information, as required on the Official Bankruptcy Form 22C, and agree to fully complete and timely provide this Form as required under this Agreement.  If, for Kofl and/or Yardley, the Plan's Pro Rata Share of their actual Disposable Income for the preceding six-month period exceeds the amount actually paid to the Plan by Kofl and/or Yardley during that six-month period, Kofl and/or Yardley shall make a "catch up" payment equal to the amount of the difference within 10 days of receiving notification by the Independent Fiduciary of the shortage.  If, for Kofl and/or Yardley, the amount actually paid during the preceding three-month period exceeds the Pro Rata Share of their actual Disposable Income for such three-month period, Kofl and/or Yardley will not receive a credit equal to the difference between the actual amount paid and their actual Disposable Income, but the amount that Kofl and/or Yardley will pay to the Plan during the next three-month period will be recalculated based on their actual Disposable Income and the Plan's Pro Rata Share.

    e.    All payments of the Amount Due plus Interest shall first be allocated to pay the fees and costs of the Independent Fiduciary.  Any remaining amount of such payment shall then be allocated to each Participant's individual account in the Plan in the same proportion as the amount owed to each Participant,

as described in the August 6, 2004 "Schedule of 401(k) Claims-Prepared by the Debtor" in the Elastar Chapter 7 bankruptcy, (a copy of which is attached as Exhibit "B"), bears to the total amount owed to all Participants in the Plan pursuant to Exhibit "C".   However, in no event shall any payments of the Amount Due plus Interest be allocated to Kofl or Yardley's Plan accounts.

      f.     Defendants Kofl and Yardley agree that if either Kofl or Yardley receive any funds from any source other than those itemized in Official Bankruptcy Form 22C as specified above, those funds received less any amounts payable as taxes or attorney's fees or, if business income, less any reasonable business expenses, up to the Amount Due, less any funds paid by Kofl and/or Yardley as installment payments pursuant to this Consent Judgment, shall be paid to the Plan via the Independent Fiduciary appointed under this Consent Judgment as directed by the Independent Fiduciary.

      g.     Should Kofl and/or Yardley fail to timely comply with any requirements set forth in this Paragraph, the remaining balance of the Amount Due at the time of non-compliance shall become immediately due and payable and the Secretary will use whatever means possible to recover the Amount Due, including wage garnishment.  Interest will continue to accrue on the Amount Due at the rate set forth in 26 U.S.C. § 6621 until such time as the Amount Due is paid in full. The Secretary acknowledges and agrees that as long as Kofl and Yardley continue to timely comply with all of the requirements set forth in this Paragraph, the Secretary will not seek wage garnishment or take any other action to enforce or execute upon this Consent Judgment, except as provided in this Paragraph 8(g). Defendants acknowledge and agree that, even if Kofl and Yardley continue to timely comply with all of the requirements set forth in this Paragraph, the Secretary may, at any time in the future, record and enforce a judgment lien for the remaining payments under this Consent Judgment against any real or personal property owned wholly or in part by Kofl and/or Yardley.

      h.      Within 90 days of executing the Consent Judgment and Order, Defendant Kofl shall use her best efforts to obtain a term life insurance policy from an insurance company that is licensed to sell insurance in the State of California and that is rated at least "A-" by AM Best (or equivalent) and that costs no more than the amount of $400 per month. Such policy shall be for any of the following time periods/amounts: (1) a 10-year term for $300,000; (2) a 10-year term for $600,000; (3) a 20-year term for $300,000; or (4) a 20-year term for $600,000. Such policy, if obtained, shall identify Kofl as the named insured and shall contain an endorsement naming the Plan as the sole beneficiary of the policy. In the event that payment on the policy is ever made to the Plan, to the extent that the remaining Amount Due at that time plus Interest is less than the amount paid to the Plan under the described life insurance policy, the Plan shall, within thirty (30) days after receipt of the policy proceeds, refund the difference to Defendant Kofl's estate. Defendant Kofl shall maintain and renew the identified life insurance policy with the Plan as the beneficiary until such time as the Amount Due plus Interest has been paid in full, after which time Defendant Kofl may, in her sole discretion name a different beneficiary or beneficiaries of her own choosing or choose to let the policy lapse. Defendant Kofl shall provide the Secretary with a copy of the life insurance policy and subsequent renewals within thirty days of obtaining/renewing same. If Kofl obtains a life insurance policy pursuant to this Paragraph 8(h), she remains obligated for the same amount of the monthly payments called for in Paragraphs 8(a), 8(b) and 8(c) until the Amount Due has been fully paid. If Kofl is unable to obtain a term life insurance policy with a premium cost of $400 per month or less for any of the four options outlined above, then within 120 days of executing the Consent Judgment and Order, Kofl shall provide documentary proof to the Secretary that Kofl has been unable to obtain such a life insurance policy.

    i. Upon request by the Secretary, the Independent Fiduciary, Kofl and/or Yardley shall provide the Secretary documentation prepared and relied upon under this Paragraph within fourteen days of the Secretary's request.

  9. Upon Defendants Kofl's and Yardley's payment of the Amount Due plus Interest paid to the Plan as outlined in Paragraph 8 ("Applicable Recovery Amount"), Defendants Kofl and Yardley shall be assessed a penalty under ERISA § 502(1), 29 U.S.C. § 1132(1) in the amount of twenty percent of the Applicable Recovery Amount.  Defendants Kofl and Yardley waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83 and, within sixty days following the last payment pursuant to Paragraph 2 *supra*, Defendants Kofl and Yardley shall pay such penalty to the U.S. Department of Labor by sending a certified or cashier's check payable to the United States Department of Labor (please write "EBSA Case No.  72-031066 (48)" on the check) to:

> <u>For Regular Mail</u>
> U.S. Department of Labor
> ERISA Civil Penalty
> P.O. Box 71360
> Philadelphia, PA  19176-1360

 Wherever submission to the Secretary is required under the terms of this Consent Judgment, such submission shall be made to:

> Regional Director
> Employee Benefits Security Administration
> U.S. Department of Labor
> 1055 East Colorado Blvd., Suite 200
> Pasadena, CA  91106

  10. The Secretary and Defendants Kofl and Yardley shall each bear their own costs, expenses, and attorney's fees incurred to date in connection with any stage of this proceeding, including, but not limited to, attorney's fees that may be available under the Equal Access to Justice Act, as amended.

11. Defendants Kofl and Yardley expressly waive any and all claims of any nature which they have or may have against the Secretary, the Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

12. Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

13. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

The Court directs the entry of this Consent Judgment as a final order.

IT IS SO ORDERED, ADJUDGED, and DECREED.

Dated: October 17, 2011

_____
JOSEPHINE STATON TUCKER
U.S. District Court Judge